IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Louis Alexander Bertaux, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 5171 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| Aurora Police Department, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Memorandum Opinion and Order

In this *pro se* civil rights lawsuit under 42 U.S.C. § 1983, Plaintiff Louis Alexander Bertaux alleges Aurora Police Officers Doepel and Arbet (hereinafter, Defendants) illegally seized, searched, and arrested him without probable cause. Defendants have filed a motion for summary judgment, to which Bertaux failed to respond. For the reasons stated below, Defendants' motion [68] is granted.

## Standard of Review

Under Federal Rule of Civil Procedure 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material facts exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). A fact is

material if it might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 508 (7th Cir. 1992).

When deciding a motion for summary judgment, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. But once the party moving for summary judgment demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carrol v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Hannemann v. Southern Door Cty Sch. Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). "Thus, 'summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."' *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992) (quoting *Celotex*, 477 U.S. at 322 (1986)); *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019).

## Northern District of Illinois Local Rule 56.1

Local Rule 56.1 governs the procedures for filing and responding to motions for summary judgment in this district. The rule is intended "to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted.) Local Rule 56.1(a) requires the moving party to provide a statement of material facts that complies

with Local Rule 56.1(d). LR 56.1(a). Local Rule 56.1(d) requires that "[e]ach asserted fact must be supported by citation to the specific evidentiary material, including the specific page number, that supports it. The Court may disregard any asserted fact that is not supported with such a citation." LR 56.1(d)(2).

The opposing party must then respond to the movant's proposed statements of fact. *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005); LR 56.1(e). In the case of any disagreement, "a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact. Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." LR 56.1(e)(3). "[M]ere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). The party opposing summary judgment may also submit "a statement of additional material facts that complies with LR 56.1(d)." LR 56.1(b)(3). "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id*. A plaintiff's *pro se* status does not excuse him from complying with Local Rule 56.1. *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

Defendants filed a Rule 56.1 statement of material facts with their motion for summary judgment. (Dkt. 69.) Consistent with the local rules, Defendants also provided Bertaux with a Local Rule 56.2 Notice, which explains what Local Rule 56.1 requires of a litigant opposing summary judgment. (Dkt. 73.) Bertaux did not respond to Defendants' motion or statement of material facts. As such, Defendants' statements of material fact are deemed admitted. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010); L.R. 56.1(e)(3).

3

## Statement of Facts

Aurora Police Officers arrested Bertaux on July 27, 2016 and charged him with unlawful use of a weapon by a felon and possession of a firearm without a Firearm Owner's Identification (FOID) card. (Dkt. 69 at ¶1.) On the date of the arrest, officers asked Bertaux if he was armed; to which he lifted his shirt showing a hunting knife. (*Id.*, at ¶2.) Bertaux also told the police officers that he had his "Second Amendment" on him. (*Id.*) At the time of his arrest, Bertaux was a convicted felon. (*Id.*, at ¶7.)

Bertaux filed a motion to suppress in his state criminal case, arguing that the Aurora police officers did not have reasonable articulable suspicion sufficient to warrant a search of his person. (*Id.*, at ¶8.) The state trial court denied Bertaux's motion to suppress following a court hearing. (*Id.*, at ¶9.) The trial court found that the officers were executing their community caretaking duties in response to a call about Bertaux's manic behavior and therefore justified in questioning him as to whether he was a danger to himself or others. (*Id.*) The court found that the encounter became a legitimate felony investigation once the officers learned that Bertaux possessed a large knife and observed a firearm-shaped object. (*Id.*) The trial court also found that the police officer had probable cause to arrest Bertaux after recovering a gun on his person. (Dkt. 69-7, Exh. F, pg. 5.) A jury found Bertaux guilty of unlawful possession of a weapon by a felon and unlawful possession of a firearm without a FOID card. (Dkt. 69, at ¶10.) Bertaux filed a posttrial motion challenging the denial of his motion to suppress and challenging the constitutionality of the unlawful possession of weapon by a felon under the Second Amendment. (*Id.*, at ¶11.) This motion was denied. (*Id.*)

Bertaux appealed to the Second District Illinois Appellate Court. (*Id.*, at ¶12.) The Office of the State Appellate Defender moved to withdraw from the case, concluding that: (1) the trial

4

court properly denied Bertaux's motion to suppress, (2) a rational factfinder could find that Bertaux knowingly possessed a firearm after being convicted of a felony, and (3) the trial court did not err in rejecting Bertaux's challenge to the unlawful possession of a firearm by a felon statute. (*Id.*, at ¶13.) Bertaux responded, making numerous arguments as to why he thought there were meritorious issues on appeal. (*Id.*, at ¶14.) The Appellate Court granted the State Appellate Defender's motion to withdraw, agreeing there were no issues of arguable merit on appeal. (*Id.*, at ¶15.) The Appellate Court affirmed the Circuit Court's judgment. (*Id.*, at ¶16.)

## Discussion

Bertaux was allowed to proceed on individual capacity claims against Officers Doepel and Arbet for an illegal search, seizure, and arrest without probable cause. (Dkt. 6, pg. 2; Dkt. 44, pg. 1.) Defendants argue that Plaintiff's claims are barred by the collateral estoppel doctrine.[1]

Collateral estoppel bars the relitigation of issues that were litigated and decided in a prior proceeding, *Reed v. Illinois*, 808 F.3d 1103, 1107-1108 (7th Cir. 2015), including relitigation of whether probable cause supported an arrest, *see Watkins v. Martin*, 691 F. App'x 266, 268 (7th Cir. 2017). In determining whether collateral estoppel applies, the Court looks to the preclusion law of the state that made the earlier judgment. *Adams v. Adams*, 738 F.3d 861, 865 (7th Cir. 2013.) This doctrine applies, therefore, to Bertaux's claims if he: (1) litigated the issue of probable cause in a prior proceeding; (2) there was a final judgment on the merits; and (3) the party to be precluded was a party to the prior action. *Hurlbert v. Charles*, 238 Ill. 2d 248, 255 (Ill. 2010).

Bertaux litigated the issue of probable cause of his search, seizure, and arrest in his

---

[1] Defendants also present arguments regarding any possible Second Amendment claim and excessive force claim. However, as indicated, Plaintiff was not proceeding on these claims, and he did not amend his complaint to proceed on any such claims. Accordingly, the Court need not address these arguments.

motion to suppress in the state criminal proceeding as well as his posttrial motion in state court, and his appeal to the Illinois Appellate Court. There was a final judgment on the merits of Bertaux's motion to suppress following a court hearing and that ruling was affirmed by the Illinois Appellate Court. Lastly, Bertaux was a party to the prior proceeding and had a full and fair opportunity to litigate the matter. Accordingly, Bertaux is collaterally estopped from arguing that his search, seizure, and arrest were without probable cause. *See McGhee v. City of Rock Island*, No. 17-CV-04085-SLD-JEH, 2021 WL 1147147, *4 (C.D. Ill. Mar. 25, 2021) (finding plaintiff was precluded by collateral estoppel doctrine from bringing Fourth Amendment claim against defendants because same issue was raised in state criminal proceeding); *Thomas v. Miller*, No. 16-CV-07612, 2018 WL 1156325, *4 (N.D. Ill. Mar. 5, 2018) (granting summary judgment for defendants on false arrest claim where criminal trial court found probable cause for arrest after suppression hearing).

## Conclusion

For the reasons stated above, the Court grants Defendants' motion for summary judgment [68]. Final judgment shall enter.

If Bertaux wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If he appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, he could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If he seeks leave to proceed *in*

*forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

Bertaux need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

Date: January 21, 2022

_____
Jorge L. Alonso
United States District Judge